**Mark W. McINNES, Plaintiff**

v.

**LORD BALTIMORE EMPLOYEE RETIREMENT INCOME ACCOUNT PLAN, et al., Defendants.**

**Civil No. JKB–11–2286.**

United States District Court, D. Maryland.

Nov. 10, 2011.

Marc L. Jordan, Jordan and Tell LLP, Columbia, MD, for Plaintiff.

Brooke Thomas Iley, Blank Rome LLP, Washington, DC, for Defendants.

### MEMORANDUM and ORDER

JAMES K. BREDAR, District Judge.

Mark W. McInnes ("Plaintiff") brought this suit against Lord Baltimore Employee Retirement Income Account Plan and Lord Baltimore Capital Corporation ("Defendants"), asserting causes of action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") and the Declaratory Judgment Act, 28 U.S.C. § 2201. (Compl. ECF No. 1). Defendants now move to dismiss the complaint or, in the alternative, to strike certain of the allegations contained therein. (ECF No. 4). The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, Defendants' Motion to Dismiss (ECF No. 4) is GRANTED.

## I. BACKGROUND

Plaintiff is a former employee of Defendant Lord Baltimore Capital Corporation ("Lord Baltimore"). His employment ended in September of 2010. He alleges that during his employment and immediately after his separation, Lord Baltimore and representatives of the Lord Baltimore Employee Retirement Income Account Plan ("the Plan") told him that he was eligible to receive his pension benefits as a lump sum. Plaintiff elected to receive the entirety of his benefits under the Plan in two lump sum payments: a $19,200.00 direct distribution and a $263,037.64 rollover distribution. The Plan complied with Plaintiff's election and distributed these amounts to him in March of 2011. The Plan later determined, however, that under the applicable Treasury Department regulations Plaintiff had not been eligible to receive his benefits as a lump sum. In July of 2011, Lord Baltimore sent Plaintiff a letter informing him of the mistake and requesting that he return the payments, which the Plan would then redistribute to him as a tax-qualified annuity. In response, Plaintiff filed this suit seeking injunctive relief, damages for breach of fiduciary duty, and a declaratory judgment that he is entitled to keep the payments. Defendants now move to dismiss the case on the grounds that Plaintiff lacks constitutional and statutory standing and that he has failed to state a claim upon which relief can be granted.

## II. LEGAL STANDARDS

### A. Standing

■ The plaintiff in a federal action bears the burden of demonstrating that he possesses standing to pursue his claims in federal court. To demonstrate standing, a plaintiff must show that: (1) he has suffered an injury in fact; (2) the injury is fairly traceable to the defendant's actions; and (3) the injury is likely to be redressed by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The injury alleged must be "concrete and particularized" as well as "actual and imminent," rather than speculative. *Id.* at 560, 112 S.Ct. 2130. Further, it is essential that the injury have been caused by the defendant's conduct and not that of a third party beyond the court's control. *See Frank Krasner Enterprises, Ltd. v. Montgomery County*, 401 F.3d 230, 234–35 (4th Cir.2005).

### B. Rule 12(b)(1)

■ Because standing is an element of subject matter jurisdiction, a defendant's motion to dismiss for lack of standing should be treated under Rule 12(b)(1). *See White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir.2005). When such a motion has been filed, the plaintiff bears the burden of proving that jurisdiction exists. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995). The court should grant the motion only "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). In making this determination, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.*

## III. ANALYSIS

■ Defendants argue that Plaintiff has suffered no concrete injury as a result of their actions and that the complaint should therefore be dismissed for lack of standing. The Court agrees. Plaintiff's only alleged injury is that if he returns the benefit distributions as Defendants re-

quest, then he may be forced to breach certain contractual obligations to which he has already committed the funds. Such an injury is not only speculative but, if it occurred, would be the result of Plaintiff's own conduct. There has so far been no suggestion by any party that Plaintiff is legally obligated to return the distributions. Rather, the letter on which Plaintiff bases his entire complaint states only that Defendants are required by the Internal Revenue Code to request a return of the distributions and to report any amount that Plaintiff chooses to retain on his 1099 tax form. (Correspondence 7/6/11, ECF No. 5–1, Ex. A). The letter does state that any amount Plaintiff retains will be subject to an excise tax, but Plaintiff has not claimed potential tax liability as an injury. (*Id.*). Even if he had, this too would be speculative. Finally, Plaintiff asserts for the first time in his brief that his mere receipt of Defendants' request has injured him by "chilling" his investment activities and creating uncertainty about his ability to perform his contractual obligations. He has presented no authority, however, to support the proposition that he has a legally cognizable interest in generalized freedom from uncertainty. *See A.C.L.U. v. Tarek ibn Ziyad Academy,* 643 F.3d 1088, 1092 (8th Cir.2011) ("An injury in fact means an invasion of a legally cognizable right.") (internal quotation marks omitted). Indeed, the argument is entirely self-defeating because, if Plaintiff is uncertain about the ramifications of Defendants' actions, then by definition there is no "actual and imminent" injury. Regardless, Plain-

tiff has offered no evidence of any plausible basis for his anxiety. Defendants thus far have taken no steps to compel him to return the distributions and have even represented to him (through counsel) that they have no plans to do so in the future.[1] Furthermore, neither side has suggested any plausible grounds on which Defendants *could* compel Plaintiff to return the money.

For these reasons, the Court finds that Plaintiff lacks standing to bring this suit because has not suffered an injury in fact that is traceable to Defendants' conduct. The Court must therefore dismiss his claims for lack of subject matter jurisdiction.[2]

## IV. ORDER

Accordingly, it is ORDERED that:

(1) Defendants' Motion to Dismiss (ECF No. 4) is GRANTED;

(2) Plaintiff's Complaint (ECF No. 1) is DISMISSED; and

(3) the Clerk is directed to CLOSE THIS CASE.

---

1. Correspondence (10/13/11) (ECF No. 8–1, Ex. B) ("To be clear, we do not presently intend to take any action to compel repayment in the event that Mr. McInnes chooses not to return his lump sum distributions to the Plan.").

2. Plaintiff appears to argue that the Court has jurisdiction over his demand for a declaratory judgment simply because he and Defendants disagree about whether he is entitled to retain the distributions. That is incorrect. An "actual controversy" for declaratory judgment purposes exists only where a plaintiff has asserted an independent basis for Article III standing, including the requisite injury in fact. *See Volvo Const. Equipment North America, Inc. v. CLM Equipment Company, Inc.,* 386 F.3d 581, 592–93 (4th Cir.2004)